Mr. Justice Clayton
delivered the opinion of the court.
This was an action in the circuit court of Yalabusha county, *275 upon an injunction bond. Several pleas were interposed, all of which were found against the defendants, the now plaintiffs in error. Giving to the verdict its proper weight, we see nothing in the record to show that the finding of the jury was incorrect.
George A. Thompson filed an affidavit, as the foundation of an application for a new trial. This states, that on the day before the trial was had, it was agreed between affiant and the plaintiff, that the case should not be tried until they could make an effort to compromise it. It farther states that he, affiant, went home, relying on this agreement, and when he returned the next day he found the case in the progress of trial, before the jury. It also states, “ that the disposition manifested to compromise the suit, and the agreement to let the case stand, prevented the affiant from asking leave of the court to put in a defence which had arisen since the commencement of the suit, namely, his discharge under the bankrupt law.”
This affidavit was filed 25th November, 1843; the cause had been pending in court, since April, 1841, and had been continued on several occasions. The bankrupt law was repealed in March, 1843, so that the alleged discharge of the defendant must have occurred more than one term of the court before this application. This delay is not accounted for. There is no act on the part of the plaintiff which prevented the filing of the plea. The application ought to have been made at the first court after the discharge took place, and the defence put in as a plea since the last continuance.
The court is now asked to grant a new trial, not to let in evidence applicable to the present state of the pleadings, but to permit the party to make a new case, and to go to trial upon that. The rule is, that “ to entitle the party to relief there must be merits, and the surprise must be such as care and prudence could not provide against. The slightest negligence will defeat the application, or occasion the imposition of rigorous terms.” Graham on New Trials, 174. The party here is not, by the terms of this rule, entitled to relief. He has been guilty of negligence, and offers no excuse for it. The defence which he offers goes merely to his personal discharge, and not to the *276 merits of the action. The judgment is against two other defendants ; the discharge of the affiant does not make them the less liable; and yet we are asked to set aside the judgment as to them, in order that this defendant may have an opportunity to set up his personal discharge. The circuit court did not err in refusing the application.
It is objected, thp.t the plea of nul tiel record was not disposed pf. That was an issue to the court. The judgment or order to which it was interposed, was read to the jury upon the trial, without exception; the inference is plain, either that the plea was disposed of, or waived by the party.
The other objections need not be minutely answered.
The judgment is affirmed.